1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   MIGUEL ENRIQUE DIAZ, | Case No.  2:23-cv-01449-DAD-JDP (PC) |
| 12              Plaintiff, | **ORDER** |
| 13       v. | THAT PLAINTIFF SUBMIT AN APPLICATION TO PROCEED IN FORMA |
| 14   M. OSMAN, *et al.*, | PAUPERIS OR THE FILING FEE WITHIN THIRTY DAYS OF THIS ORDER'S |
| 15              Defendants. | ENTRY |
| 16 | SCREENING ORDER THAT THE COMPLAINT IS DEFICIENT AND |
| 17 | OFFERING LEAVE TO AMEND |
| 18 | **FINDINGS AND RECOMMENDATIONS** |
| 19 | THAT PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER |
| 20 | AND PRELIMINARY INJUNCTION BE DENIED |
| 21 | |
| 22 | ECF No. 1 |
| 23 | |

24        Plaintiff brought this action by filing a motion for a preliminary injunction and temporary

25   restraining order, ECF No. 1, without paying the filing fee or submitting an application to proceed

26   *in forma pauperis*.  I construe that motion as the operative complaint.  After screening it, I find

27   that it fails to comply with federal pleading standards by containing multiple unrelated claims

28

against more than one defendant and for want of organization.  I will grant plaintiff leave to amend.  I will also recommend that his motion for temporary restraining order and preliminary injunction, ECF No. 1, be denied.

## I.      Screening Order

### A.      Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

2

**B.      Analysis**

Plaintiff alleges that numerous defendants violated his Eighth Amendment right to adequate medical care.  He claims that two nurse defendants, Miller and Griffis, failed to offer adequate wound care for injuries to his foot.  ECF No. 1 at 2.  He alleges that, on some separate occasion, another pair of nurse defendants named Bangaru and Fisher, along with a physician named Lee, failed to re-order treatment for the same wound.  *Id.*  Plaintiff claims that this failure is attributable to a campaign of retaliation that Fisher and Griffis have perpetrated against him for internal complaints he has made against them.  *Id.* at 1-2.

Separately, plaintiff alleges that his Eighth Amendment rights have been violated by the failure of medical staff to provide him with incontinence supplies.  *Id.* at 2.  This claim appears unrelated to his allegations concerning wound care.  The only potential link is the vague allegation that the failure to provide him with supplies was also retaliation from Fisher, but the basis for the retaliation is distinct: He alleges that Fisher is retaliating against him because she is friendly with another nurse, Torres, who violated his HIPAA rights.  *Id.*  I cannot tell if plaintiff is bringing any claim against Torres in this complaint, however.  In any event, this claim, insofar as it is predicated on a different failure to provide medical care and a different retaliatory motive, is insufficiently related to his other claim to proceed in the same action.  Unrelated claims against multiple defendants belong in separate lawsuits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

On a broader note, plaintiff's complaint lacks organization, and it is at times difficult to tell how many defendants and claims are at issue.  Plaintiff will be sent a complaint form, and he is encouraged to use it in drafting his amended complaint.  Additionally, plaintiff devotes significant language to alleging that he is in imminent danger of serious harm.  ECF No. 1 at 5-6.  Such a showing is relevant to a "three-striker" who still wishes to proceed *in forma pauperis*, but plaintiff has not yet sought leave to proceed without prepayment of the filing fee.

Due to the complaint's lack of organization and joinder of unrelated claims, I will direct him to file an amended complaint.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en

1  banc).  The amended complaint should be titled "First Amended Complaint" and refer to the

2  appropriate case number.

3  **II.      Motion for Preliminary Injunctive Relief**

4  Plaintiff asks that injunctive relief issue directing that wound care, as directed by Dr. Lee,

5  by provided, that defendants Griffis and Fisher be investigated, that he be granted single-cell

6  status, and that a member of the medical staff named Amy Magaruh be investigated for failing to

7  prevent her subordinates' misconduct.  ECF No. 1 at 7.  I recommend that this motion be denied.

8  Plaintiff has identified the requisite factors set forth in *Winter v. Natural Resources Defense*

9  *Council*, 555 U.S. 7 (2008), but he has failed to show that he will suffer irreparable harm without

10  preliminary injunctive relief.  Absent such a showing, his motion must be denied.  *See Holston v.*

11  *Rosa*, No. 2:20-cv-01076-KJM-CKD-P, 2021 U.S. Dist. LEXIS 97147, *23 (E.D. Cal. May 21,

12  2021) ("Absent irreparable harm, a TRO is not warranted and the court finds it unnecessary to

13  address the remaining factors.").

14  First, only the failure to provide wound care implicates irreparable harm.  It does not

15  appear that the other requested relief—investigations of medical defendants and granting of single

16  cell-status—would prevent any irreparable harm that has been alleged.  With respect to the

17  immediate provision of wound care, I find that plaintiff has failed to show that he will suffer

18  irreparable harm in the absence of an injunction.  He has offered no medical documents or other

19  evidence indicating that, without the specific wound care regimen proposed by Dr. Lee, he will

20  suffer irreparable harm.  The only medical evidence attached to the complaint are photographs of

21  plaintiff's feet, *id.* at 22-26, and he admits that these photographs are from 2022 and months out

22  of date compared to the allegations at issue, *id.* at 2.  He does reference the possibility of infection

23  and amputation, but there is no evidence offered that would raise that threat beyond the

24  speculative level.  Plaintiff's burden is especially high where, as here, he seeks issuance of an *ex*

25  *parte* temporary restraining order.  *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126,

26  1131 (9th Cir. 2006) (noting that a temporary restraining order may issue ex parte only if it

27  clearly appears that immediate and irreparable harm will occur in its absence and emphasizing

28  that "our entire jurisprudence runs counter to the notion of court action taken before reasonable

4

1  notice and an opportunity to be heard has been granted to both sides of a dispute").  Accordingly,

2  I recommend that his motion for preliminary injunctive relief be denied.

3         Accordingly, it is ORDERED that:

4         1.  Within thirty days from the service of this order, plaintiff should file an amended

5  complaint and tender the filing fee or submit an application to proceed *in forma pauperis*.  If he

6  does not, I will recommend this action be dismissed.

7         2.  The Clerk of Court shall send plaintiff a section 1983 complaint form and an

8  application to proceed *in forma pauperis form* with this order.

9         Further, it is RECOMMENDED that plaintiff's motion for preliminary injunctive relief,

10 ECF No. 1, be DENIED.

11        These findings and recommendations are submitted to the United States District Judge

12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13 after being served with these findings and recommendations, any party may file written

14 objections with the court and serve a copy on all parties.  Such a document should be captioned

15 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

16 objections shall be served and filed within fourteen days after service of the objections.  The

17 parties are advised that failure to file objections within the specified time may waive the right to

18 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

19 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20

21 IT IS SO ORDERED.

22

23 Dated:    January 11, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

5