UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>        Plaintiff,<br><br>    v.<br><br>M. OSMAN, et al.,<br><br>        Defendants. | No. 2:23-cv-01449-DAD-JDP (PC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF</u><br><br>(Doc. Nos. 1, 12) |

Plaintiff Miguel Enrique Diaz is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 20, 2023, plaintiff initiated this action by filing a motion for preliminary injunctive relief (Doc. No. 1), which the assigned magistrate judge also construed as the operative complaint. On January 12, 2024, the magistrate judge screened plaintiff's complaint and found that it lacked organization, appeared to join unrelated claims, was unclear as to which defendants were named and which claims were brought against those defendants, and ultimately failed to state any cognizable claims for relief. (Doc. No. 12 at 3.) Consequently, the magistrate judge ordered plaintiff to file a first amended complaint and to either file an application to proceed *in*

/////

/////

1 forma pauperis or pay the required filing fee to proceed with this action.[1]  (Id. at 5.)  On January
2 12, 2024, the magistrate judge also issued findings and recommendations recommending that
3 plaintiff's motion for preliminary injunctive relief, in which plaintiff requested that the court:  (i)
4 investigate certain defendants, (ii) order that he be granted single-cell status, and (iii) order
5 defendants to provide wound care to injuries on his foot (Doc. No. 1), be denied because plaintiff
6 failed to show that he will suffer irreparable harm absent the request injunctive relief.  (Doc. No.
7 12 at 4–5.)  The pending findings and recommendations were served on plaintiff and contained
8 notice that any objections thereto were to be filed within fourteen (14) days after service.  (Id. at
9 5.)  After requesting and receiving two extensions of time in which to do so, on March 8, 2024,
10 plaintiff filed objections to the pending findings and recommendations.  (Doc. No. 16.)

11    In his objections, plaintiff repeats many of the same arguments that he had presented in
12 his motion for preliminary injunctive relief and that the magistrate judge already addressed in the
13 findings and recommendations.  (Doc. No. 16.)  To support his assertion that he will suffer
14 irreparable harm absent an injunction, plaintiff attaches as exhibits to his objections photographs
15 of the wounds on his toes, purportedly taken in April 2023 and February 2024, which are similar
16 to the photographs taken in 2022 that plaintiff had attached to his motion for preliminary
17 injunctive relief.  (*Id.* at 7–15.)  Plaintiff's additional photographs are insufficient to satisfy the
18 irreparable harm requirement for obtaining preliminary injunctive relief, and as the magistrate
19 judge explained in the findings and recommendations, plaintiff's reference to "the possibility of
20 infection and amputation" is insufficient to raise the threat of harm "beyond the speculative
21 level."  (Doc. No. 12 at 4.)  Plaintiff's objections simply provide no basis upon which to reject the
22 pending findings and recommendations.  Moreover, although the findings and recommendations
23 did not address the other requisite factors set forth in *Winter v. Natural Resources Defense*
24 *Council*, 555 U.S. 7 (2008), the undersigned notes that in the absence of an operative complaint

---

[1] Plaintiff has since sought and received several extensions of time in which to comply with those directives, with the latest extension providing a filing deadline of August 5, 2024.  (Doc. Nos. 14, 17, 21, 23.)  Because plaintiff has yet to file a first amended complaint as directed, plaintiff's original complaint remains operative and continues to suffer from the pleading deficiencies identified by the magistrate judge.

2

1  that states a cognizable claim, plaintiff has also plainly failed to demonstrate a likelihood of
2  success on the merits, which is required to obtain preliminary injunctive relief.  Accordingly, the
3  undersigned will adopt the findings and recommendations and deny plaintiff's motion for
4  preliminary injunctive relief without prejudice to plaintiff seeking appropriate injunctive relief in
5  connection with any claims found to be cognizable in his forthcoming first amended complaint.
6        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
7  court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
8  including plaintiff's objections, the court finds the findings and recommendations to be supported
9  by the record and proper analysis.
10       Accordingly,
11 1.    The findings and recommendations issued on January 12, 2024  (Doc. No. 12) are
12      adopted in full;
13 2.    Plaintiff's motion for preliminary injunctive relief (Doc. No. 1) is denied; and
14 3.    This matter is referred back to the assigned magistrate judge for further
15      proceedings.
16 IT IS SO ORDERED.
17 Dated:  **July 8, 2024**
18             DALE A. DROZD
            UNITED STATES DISTRICT JUDGE