UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>M. OSMAN, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-1449-DAD-JDP (P)<br><br>ORDER |

Plaintiff has filed an amended complaint, ECF No. 29, and three applications to proceed *in forma pauperis*, ECF Nos. 31, 32, & 35.  He is, however, a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g).  Plaintiff has had at least three cases dismissed for failure to state a claim upon which relief can be granted: (1) *Diaz v. Diaz, et al.*, No. 1:13-cv-0453-SKO (E.D. Cal. Jul. 28, 2014) at ECF No. 29; (2) *Diaz v. Vasquez, et al.*, No. 1:12-cv-0732-SAB (E.D. Cal. Feb. 25, 2013) at ECF No. 23; (3) *Diaz v. Diaz*, No. 1:12-cv-1296-AWI-SAB (E.D. Cal. Sept. 4, 2014) at ECF No. 41.

Plaintiff might still be eligible to proceed *in forma pauperis* if his complaint made a showing of imminent physical danger, but it does not.  He alleges that "wound care" for his foot in June through August 2023 was inadequate.  ECF No. 29 at 3-5.  The specifics, however, are

difficult to understand. Separately, plaintiff alleges that he has been denied incontinence supplies in retaliation for filing grievances. *Id.* at 6-7. The only connection between these separate medical claims is the allegation that the lack of incontinence supplies raises the risk of infecting the wound on his foot. *Id.* at 7. In another unrelated claim stemming from events in May 2024, plaintiff alleges that his provision of food and insulin was being delayed and sometimes denied. *Id.* at 8. Finally, plaintiff alleges that, during July 2024, he was not offered any ice for the heat. *Id.* Plaintiff is advised that he may not bring separate and unrelated claims against multiple defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Additionally, none of the foregoing claims are connected to an allegation of imminent physical danger. Plaintiff references imminent physical danger in a separate filing, ECF No. 32, wherein he argues that the allegations in his complaint make the showing. I decline to consider pleadings outside the complaint, however, in weighing whether to allow plaintiff to proceed despite his status as a three-striker.

I will dismiss the immediate complaint with leave to amend. Plaintiff should use the district's complaint form that will be sent to him with this order. He is advised that any amended complaint will supersede its predecessors and, thus, must be complete in itself. Plaintiff may not refer to other filings in his complaint for the purpose of bolstering his allegations. If the amended complaint fails to make the showing of imminent danger, I will recommend that plaintiff's most recent application to proceed *in forma pauperis*, ECF No. 35, be denied.[1] I will deny his other applications to proceed *in forma pauperis*, ECF Nos. 31 & 32, as duplicative and his motion for extension of time to file an application, ECF No. 34, as unnecessary.

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 29, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

---

[1] I will defer ruling on this application for now.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's applications to proceed *in forma pauperis*, ECF Nos. 31 & 32, are DENIED as duplicative, and his motion for extension of time, ECF No. 34, is DENIED as unnecessary.

IT IS SO ORDERED.

Dated: April 17, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3