...

x

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>M. OSMAN, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-1449-DAD-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff has filed a second motion seeking preliminary injunctive relief in the form of an order mandating proper wound care. *See* ECF No. 1; ECF No. 37. For the reasons described below, I recommend that the motion be denied.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners," and must not "allow constitutional

violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. The "balance of equities" concerns the burdens or hardships to a prisoner complainant compared with the burden on the government defendants if an injunction is ordered. *Id.* The public interest mostly concerns the injunction's impact on nonparties. *Id.* (citation omitted). Regardless, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Id.* (citation omitted).

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, which applies here, injunctive relief must be narrowly drawn and must be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

Plaintiff has identified the requisite factors set forth in *Winter*, 555 U.S. 7, but he has failed to show that he will suffer irreparable harm without preliminary injunctive relief.[1] Absent such a showing, his motion must be denied. *See Holston v. Rosa*, No. 2:20-cv-01076-KJM-CKD-P, 2021 U.S. Dist. LEXIS 97147, *23 (E.D. Cal. May 21, 2021) ("Absent irreparable harm, a TRO is not warranted and the court finds it unnecessary to address the remaining factors.").

Plaintiff states that he is diabetic and has an ulcer/open wound on his big toe that is not being properly cared for by his institution, and which is subject to amputation. ECF No. 37 at 2. He states that on April 18, 2025, his big toe split open, and his toenail fell off due to an infection.[2]

---

[1] As noted above, plaintiff's complaint has not yet survived screening.
[2] Plaintiff states this event was an amputation.

1 *Id.* at 4.  He states that his institution has reduced the time for wound care from six hours to two
2 hours.  *Id.*  Plaintiff argues that this truncation of treatment time for wound care patients and the
3 lack of continuity of care between providers will likely lead to amputations.  *Id.* at 2-3.
4       In a departure from his earlier argument, plaintiff claims to have received medical care
5 that is "above and beyond" and that several of the LVNs have provided "extraordinary efforts"
6 for the wound care patients.  *Id.* at 3.  Plaintiff appears to take issue with volunteer LVN Curry,
7 who plaintiff argues has a history of misconduct toward other inmates.[3]  At its core, plaintiff
8 seems to argue that he feels that he will be subject to irreparable harm if certain medical providers
9 are responsible for his wound care.
10       As I previously explained in my January 12, 2024 order recommending denial of
11 plaintiff's motion for injunctive relief, plaintiff must show that he will suffer irreparable harm in
12 the absence of an injunction.  He has failed to do so.  He has offered no medical documents or
13 other evidence—nothing apart from his own assertions—indicating that, without the specific
14 wound care treatment he seeks, he will suffer irreparable harm.  Plaintiff again attaches photos of
15 his feet from January through March of this year, *id.* at 9-37, but fails to explain how these photos
16 demonstrate that he will suffer irreparable harm.  There is no evidence offered that would raise
17 that threat beyond the speculative level.
18       Plaintiff has failed to meet the especially high burden necessary for an *ex parte* temporary
19 restraining order.  *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir.
20 2006) (noting that a temporary restraining order may issue ex parte only if it clearly appears that
21 immediate and irreparable harm will occur in its absence and emphasizing that "our entire
22 jurisprudence runs counter to the notion of court action taken before reasonable notice and an
23 opportunity to be heard has been granted to both sides of a dispute").
24       Accordingly, it is RECOMMENDED that plaintiff's motion for preliminary injunctive
25 relief, ECF No. 37, be DENIED.

---

[3] LVN Curry is not a defendant in this case and thus would not be subject to an injunction, were one to issue.

3

1    These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6 objections shall be served and filed within fourteen days after service of the objections.  The
7 parties are advised that failure to file objections within the specified time may waive the right to
8 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
9 v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE